FILED
2010 Nov-30 PM 03:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| KENNETH AND AMBER MYRICK, | ) | |
| PLAINTIFFS, | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| ALTERNATIVE RECOVERY MANAGEMENT | ) | |
| DEFENDANT. | ) | |

### PLAINTIFF'S COMPLAINT

This is an action brought by the Plaintiffs, Kenneth and Amber Myrick, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiffs, Kenneth and Amber Myrick, are residents and citizens of the state of Alabama, Jefferson County, and are over the age of twenty-one (21) years.

2. The Defendant, Alternative Recovery Management (hereinafter "ARM") is, upon information and belief, an entity incorporated under the laws of the state of California with a principal place of business at 8204 Parkway Drive, Ste. #9, La Mesa, CA 91942. The Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

1. Beginning in December 2009, Defendant began calling Plaintiffs demanding payment of a debt allegedly due Green Tree Servicing, LLC.

2. In December 2009, an agent or employee of ARM, calling himself "Zack Atchison" contacted Plaintiffs and told them that Green Tree "was being audited" and that Green Tree could work out a "payment plan." During this phone call, Atchison demanded $5,000.00 by December 31, 2009.

3. The alleged and disputed debt of Plaintiff claimed was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

4. During December 2009, an agent or employee of ARM contacted Plaintiff Kenneth Myrick's employer and claimed that they needed to speak to Kenneth Myrick and that the call was an "emergency call." The call was not about any emergency, but, rather only about collecting an alleged debt. Mr. Myrick had to leave a meeting at his work to take the collection call.

5. In the course of its collection efforts, ARM and its agent or employee "Zack Atchison" have told Plaintiffs that they would garnish Kenneth Myrick's paycheck and that they would put a lien on the Plaintiffs' property.

6. To date, no lawsuit has been filed against Kenneth or Amber Myrick regarding this alleged debt and there is no judgment against either of

them

7. Due to the pressure of the collection efforts and the fear of losing their home or having wages garnished, Plaintiffs agreed to pay ARM $100.00. On February 1, 2010, ARM took $100.00 from Plaintiffs' account.

8. As a result of the actions of ARM and its agents and employees, Plaintiffs have suffered loss of sleep, nausea, mental anguish, emotional distress and anxiety. As a result of ARM's conduct, Plaintiff Amber Myrick has sought and received medical treatment.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

9. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

10. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

11. The Defendant used false representations and/or deceptive means in an attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e.

12. The Defendant violated §1692f by using unfair and/or unconscionable means to attempt to collect a debt.

13. The Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt in violation of §1692d.

14. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

15. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

16. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

17. The Defendant knew or should have known that said conduct was improper.

18. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

19. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

20. As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

23. The Defendant knew or should have known that the said conduct was improper and illegal.

24. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

25. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

26. As a result of the Defendant's recklessness and wantonness, the Plaintiffs suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF THE RIGHT OF PRIVACY

27. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

28. The Defendant undertook and/or directed communications to Plaintiff's home and place of employment constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying the debt.

29. Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of ARM.

33. Said communications constitute the wrongful intrusion into the Plaintiffs' solitude and seclusion.

34. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiffs to suffer worry, humiliation, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the

FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages, and,

F. Such other and further relief that this Court deems necessary, just and proper.

_____
Whitney Seals, Esq.
Attorney for Plaintiff


**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)


**Plaintiff hereby demands a trial by struck jury.**

_____
**Whitney Seals, Esq.**
**Attorney for Plaintiff**

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

Alternative Recovery Management
C/O Paul Kubler, Vice President
8204 Parkway Dr., Suite #9
La Mesa, CA 91942